# PEOPLE *on rel.* LYNCH *a.* THE ALDERMEN OF NEW YORK.

*Supreme Court, First District ; At Chambers, November,* 1860.

## MANDAMUS.—MUNICIPAL CORPORATION.

The court will not grant a mandamus to compel the Common Council of a Municipal Corporation to confirm the award of a contract to the lowest bidder therefor. The Common Council have power to reject the lowest bid, in the exercise of a sound discretion, and the court will not interfere with its exercise.

Motion for peremptory mandamus.

The relators obtained an alternative mandamus requiring the aldermen to take action, and pass upon or confirm the award of a contract to the relators for cleaning the streets and avenues of the city of New York for the term of five years, or show cause, &c.

The aldermen returned that they had taken action thereon, and had refused to confirm the award of the contract.

The relators insisted that the bid made by them was the lowest offered; that the inspector had awarded them the contract as by law he was compelled to do, they being the lowest bidders; that their security for the performance had been approved, and that the aldermen had no such discretion as they claim of refusing to confirm the award.

*J. R. Whiting*, for the relators.

*H. H. Anderson*, for the Board of Aldermen.

LEONARD, J. (after stating the facts).—The only question to be considered is, whether the aldermen can, in their discretion, reject or refuse to confirm the award of their contract under such circumstances.

The case of The People *on rel.* Dinsmore *a.* The Croton Aque-

duct Board (6 *Abbotts' Pr.*, 42), is, I think, decisive of the question. The city ordinances, lawfully made, forbid any contract to be executed for the city for a sum exceeding $250; until it has been confirmed by the Common Council. Without considering whether the contract in question was an advantageous one to the city or not, it is evident that the power to confirm implies the authority to reject. Any unjust or extravagant contract ought to be rejected, although it should be the lowest and most favorable offer made. It would be an idle ceremony to refer the proposals, estimates, and contracts to the Common Council if their duty was, in all cases, to confirm the contract, provided it appeared to be the lowest offer. It is necessary that the power to reject, as well as to confirm, should be vested in the Common Council. Their discretion ought to be wisely exercised, but if it is not so exercised, this court cannot interfere to supervise the manner in which the discretion of the Common Council is manifested. The court might not, probably would not, be able to exercise any better discretion in respect to confirming or rejecting a contract for city work than the Common Council. The Common Council are answerable to their constituents for the manner in which they exercise their discretion, but not to the Supreme Court. If a peremptory mandamus could be invoked for such a cause, the ultimate power of city legislation might come to be finally devolved upon the courts.

This court can compel the Common Council to act in certain cases, but cannot define the manner of their pursuing their legislative duties.

The application for a peremptory mandamus to compel the confirmation of the award of the contract in question, is denied.